IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NANCY ZEAL, *et al.*, | ) CASE NO.  1:23-cv-01784 |
| Plaintiffs, | ) JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |
| SPIRIT AIRLINES, INC., *et al.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

This matter is before the Court on Plaintiff Nancy Zeal's and Plaintiff Lawrence Zeal's Motion to Remand.  (Doc No. 10.)  Defendant Spirit Airlines, Inc. filed an opposition.  (Doc. No. 11.)  Defendant Huntleigh USA Corporation joined that opposition.  (Doc. No. 12.)  Plaintiffs did not file a reply.  For the reasons stated below, Plaintiffs' Motion to Remand is **DENIED**.

**I.      Background**

On August 10, 2023, Plaintiffs Nancy Zeal and Lawrence Zeal (together, "Plaintiffs") filed a complaint in the Cuyahoga County Court of Common Pleas.  The five-count complaint named as defendants Spirit Airlines, Inc. ("Spirit Airlines"),[1] Huntleigh USA Corporation ("Huntleigh"), the City of Cleveland, the City of Cleveland Department of Port Control, Cleveland Hopkins International Airport, Cleveland Airports Systems (together with the other Cleveland entities, the "CLE Defendants"), and John Does 1 through 5.  Counts 1 and 3 assert a negligence claim against Spirit Airlines and Huntleigh.  Count 2 asserts an implied contract

---

[1] The complaint also named "Spirit Airlines, Concourse B" as a defendant.  For the purposes of the Motion, the Court construes "Spirit Airlines, Concourse B" as part of Spirit Airlines, Inc.

claim against Spirit Airlines. Count 4 asserts a negligence claim against the CLE Defendants. Lastly, Count 5 asserts a loss of consortium claim against all defendants. The facts giving rise to the lawsuit occurred two years prior.

In August 2021, Plaintiffs purchased tickets for a flight on Spirit Airlines. (Doc. No. 1-3, ¶ 7.) Plaintiffs allege that because Plaintiff Lawrence Zeal is disabled, they made a specific request for wheelchair assistance from the ticket counter to the departure gate. (*Id.*) As alleged in the complaint, Spirit Airlines contracts with Huntleigh to provide wheelchair assistance at Cleveland Hopkins International Airport. (*Id.* at. ¶¶ 3–4.) The following day, Plaintiffs allege that they arrived at the airport, obtained a wheelchair for Plaintiff Lawrence Zeal at the ticket level doorway, and proceeded to Spirit Airlines' ticket counter. (*Id.* at ¶ 9.) When Plaintiffs presented themselves at the ticket counter, Spirit Airlines' employees allegedly ignored them and did not provide Plaintiffs with assistance. (*Id.* at ¶ 10.) Plaintiffs allege that, because they were ignored, Plaintiff Nancy Zeal was required to push Plaintiff Lawrence Zeal herself from the ticket counter to the departure gate. (*Id.* at ¶ 11.) When Plaintiff Nancy Zeal was pushing Plaintiff Lawrence Zeal down the concourse ramp, "she lost her grip on the handles of the wheelchair due to the overall weight of the wheelchair and her husband, causing her to lose her balance and fall violently against a brick wall . . . ." (*Id.* at ¶ 12.) As a result of the incident, Plaintiff Nancy Zeal suffered a laceration to the head, a fractured elbow, and other permanent physical and emotional injuries. (*Id.* at ¶ 16.)

Pursuant to 28 U.S.C. § 1441, after Plaintiffs filed the complaint, Spirit Airlines removed this matter to this Court on September 13, 2023. (Doc. No. 1.) Huntleigh joined Spirit Airlines notice of removal. (*Id.* at ¶ 12.) The CLE Defendants did not join the notice of removal. In removing the case, Spirit Airlines relied on this Court's diversity jurisdiction under 28 U.S.C. §

1332(a). (*Id.* at ¶ 14.) However, because the CLE Defendants are forum-defendants that destroy complete diversity, Spirit Airlines asserted that the CLE Defendants were fraudulently joined. (*Id.* at ¶ 22.) On October 13, 2023, Plaintiffs filed the instant Motion to Remand, asserting that the CLE Defendants were not fraudulently joined and that this Court lacks diversity jurisdiction over the suit as a result. (Doc No. 10.)

II.     **Law and Analysis**

28 U.S.C. § 1441 permits a defendant to remove any action from state court to federal court if the federal court has jurisdiction. *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Following removal, a plaintiff may seek remand of the action to state court. 28 U.S.C. § 1447(c). If the federal court lacks subject matter jurisdiction, remand is required. *Id.* Federal courts are courts of limited jurisdiction. *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). As such, federal district courts do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal district courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Federal subject matter jurisdiction can be established in two ways: (1) under 28 U.S.C. § 1331, federal courts have original jurisdiction when the case involves a federal question; or (2) under 28 U.S.C. § 1332, federal courts have diversity jurisdiction when there is diversity of citizenship between the plaintiff and each defendant, and the controversy exceeds $75,000. *Caterpillar Inv. v. Williams*, 482 U.S. 386, 392 (1987). The removing party has the burden of establishing federal subject matter jurisdiction. *Village of Oakwood v. State Bank and Tr. Co.*, 539 F.3d 373, 2377 (6th Cir. 2008). In light of federalism principles, removal statutes are strictly construed, and all doubts are resolved in favor of remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

When removal is based on diversity and a non-diverse party is a defendant, the "removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne*, 183 F.3d at 493. That is, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 310 (6th Cir. 2020) (quoting *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). A defendant is fraudulently joined when "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The relevant inquiry, then, is whether the plaintiff has a colorable cause of action against the alleged fraudulently joined party. *Casias*, 695 F.3d at 433. In conducting this inquiry, the Sixth Circuit explained that district courts should "apply a test similar to, but more lenient than, the analysis applicable to Rule 12(b)(6) motion to dismiss." *Id.* As with a Rule 12(b)(6) motion, the court must accept as true all well-pleaded allegations, *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), but need not accept mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The burden to show no colorable claim is a heavy one and all ambiguities must be resolved in favor of remand. *Kent State Univ. Bd. of Tr. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) ("A defendant attempting to prove fraudulent joinder . . . faces a particularly heavy burden.").

      A.      **The CLE Defendants Were Fraudulently Joined.**

The parties do not dispute that this matter lacks complete diversity. Plaintiffs are both residents of Ohio and the CLE Defendants are all governmental entities operating in Ohio. However, Spirit Airlines argues that this Court should ignore the CLE Defendants because they were fraudulently joined.² Spirit Airlines asserts two arguments to that affect: (1) there is no viable claim asserted against the CLE Defendants because the entities have sovereign immunity from this suit; and (2) the complaint fails to allege a plausible cause of action against the CLE Defendants. This Court agrees that the complaint fails to plausibly plead a claim against the CLE Defendants.³

      1.      **The negligence claim fails.**

Plaintiff Nancy Zeal's negligence claim asserted against the CLE Defendants is not sufficiently pleaded. Under Ohio law, "[t]he elements of negligence are: (1) the existence of a duty; (2) breach of the duty; and (3) an injury proximately resulting from the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (applying Ohio law). Spirit Airlines argues that the negligence claim is devoid of factual allegations as it relates to the CLE Defendants. The heart of Plaintiff Nancy Zeal's claim is found in Paragraph 31 of the complaint:

> Plaintiffs state that the CLE Defendants were negligent, including but not limited to, their failure to provide safe transportation of Plaintiff, Lawrence Zeal, a disabled individual who required wheelchair assistance and accommodation for wheelchairs descending the subject concourse ramp. Furthermore, the CLE Defendants failed

---

² Spirit Airlines also argues that this Court should ignore Defendants John Does 1 through 5 for purposes of determining diversity jurisdiction. Ficticous defendants' citizenships are ignored for purposes of determining diversity. 28 U.S.C. § 1441(b)(1); *see also Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 543 (6th Cir. 2006). Thus, the Court will not consider the citizenship of John Does 1 through 5 for purposes of this Motion.

³ Because the Court decides the issue of fraudulent joinder on a pleading deficiency, the Court makes no determination with respect to whether the CLE Defendants have sovereign immunity.

> to install or construct a safe means, method, or accommodation for disabled passengers in a wheelchair to safely descend the subject concourse ramp in violation of Federal, State, and Local laws and regulatory policies, procedures, and practices.

(Doc No. 1-3, ¶ 31.) From these allegations, the negligence claim is rooted in the lack of wheelchair assistance and the lack of a safe means to descend the concourse ramp.

As an initial matter, the CLE Defendants did not owe a duty to provide wheelchair assistance for Plaintiff Lawrence Zeal. In this case, any duty to do so would be owed by the airline, not the municipal government or related entities. That concept fits squarely with the facts of this case. Plaintiffs requested Spirit Airlines provide wheelchair assistance for Plaintiff Lawrence Zeal by indicating so when they purchased their tickets and when they asked for that assistance at the ticket counter. The complaint alleges no facts that Plaintiffs ever requested assistance from the CLE Defendants or that the CLE Defendants were involved in any way. Any duty to transport Plaintiff Lawrence Zeal was owed by Spirit Airlines (and in turn, Huntleigh with whom Spirit Airlines contracted with). Plaintiffs' argument that the Air Carrier Access Act ("ACAA") requires airports to provide such assistance is misplaced. The "ACAA does not create an affirmative duty for wheelchair assistance, for which [an air carrier] may be held liable under a negligence theory." *Njoku v. Nw. Airlines, Inc.*, 806 F. Supp. 2d 1022, 1027 (E.D. Mich. 2011) (explaining that since there is no private cause of action under the ACAA, no affirmative duty can be created under a negligence theory). As Spirit Airlines points out, if an air carrier has no affirmative duty for purposes of a legal claim, an airport does not either. Under the facts of this case, and in the context of a negligence cause of action, there is nothing that could be alleged to show that the CLE Defendants owed Plaintiffs a duty of wheelchair assistance.

To be clear, the CLE Defendants, under a theory of premises liability, may owe a duty of care generally to those at the airport. *See Hammond v. Cleveland*, No. 97174, 2012 WL 425939,

\*4 (Ohio Ct. App. Feb. 9, 2012) (holding that City of Cleveland owed duty to individual in airport generally). But there are simply no facts alleged with which the Court can infer the CLE Defendants breached any duty of care owed to Plaintiff Nancy Zeal. While the complaint does allege that the concourse ramp was unsafe, and the Plaintiffs argue vaguely in their remand motion that there was a physical defect, that is precisely the type of conclusory allegation courts do not accept on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint fails "if it tenders 'naked assertions' devoid of further 'factual enhancement'" and instead "offers 'labels and conclusions'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Even under the more lenient standard for fraudulent joinder, the mere conclusion that the concourse ramp was unsafe is insufficient because there are no allegations as to how the concourse ramp was unsafe. In any event, the concept of premises liability in this case is undermined by the complaint itself. Plaintiffs alleged that while "Plaintiff Nancy Zeal was guiding Plaintiff Lawrence Zeal in his wheelchair down a concourse ramp," "she lost her grip on the handles of the wheelchair **due to the overall weight of the wheelchair and her husband**, causing her to lose her balance and fall violently against a brick wall . . . ." (Doc. No. 1-3, ¶ 12 (emphasis added).) That is, Plaintiffs' complaint is premised on the failure to assist Plaintiff Lawrence Zeal in transporting him to the gate which caused the injury, not some aspect of the airport itself. In short, the CLE Defendants have little to do with this case other than the fact that the incident occurred in the airport.

In sum, the negligence claim asserted against the CLE Defendants fails to state a colorable cause of action.

        **2.**     **The loss of consortium claim also fails.**

The parties do not directly address Count V of the complaint for loss of consortium,

which appears to be asserted against all defendants, including the CLE Defendants. Even if Plaintiffs do assert Count V against the CLE Defendants, that claim rises and falls with the negligence claim. *See Bowen v. Kil-Kare, Inc.*, 585 N.E.2d 384, 392 (Ohio 1992) ("a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury"). Because the Court finds that the negligence claim asserted against the CLE Defendants cannot stand as pleaded, the derivative claim of loss of consortium also fails as to the CLE Defendants.

The loss of consortium claim fails for yet another reason—Plaintiff Lawrence Zeal does not have the capacity to sue. Plaintiff Lawrence Zeal passed away on January 25, 2023, prior to the filing of the original complaint in the Cuyahoga County Court of Common Pleas. At no time has Plaintiff Lawrence Zeal been substituted with his estate. Because Plaintiff Lawrence Zeal does not have the capacity to sue, the claim fails. *See Harris v. US Bank Nat'l Ass'n*, No. 20-2005, 2021 WL 7542603, *3 (6th Cir. Sept. 10, 2021) ("it is 'self-evident' that 'a dead person, *qua* a dead person (as opposed to the dead person's estate . . .) cannot sue, be sued, or be joined to a lawsuit.'") (quoting *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020)). Even if the substitution was made, this Court might still not have the authority to hear the claim. *See House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019) (discussing "non-curable jurisdictional defect" where plaintiff predeceased the filing of the complaint and complaint was filed in their personal capacity).

**B.     The Amount in Controversy More Likely Than Not Exceeds $75,000.**

The removal of this case to this Court contains another wrinkle. As with all diversity cases, in addition to complete diversity of citizenship, the amount in controversy must also exceed $75,000. *See Crimaldi v. Pitt Ohio Express, LLC*, 185 F. Supp. 3d 1004, 1007 (N.D.

Ohio 2016). An issue particular to removal cases may arise where the complaint recites some lower jurisdictional amount applicable to state courts in which it was original filed. Upon removal, when a plaintiff contests, or a court questions, the amount-in-controversy requirement, the defendant must come forth with evidence that the jurisdictional threshold is met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S 81, 89 (2014). However, "[t]his standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Instead, the defendant must show that it is "more likely than not" that the plaintiff's claims met the amount-in-controversy requirement. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

In this matter, the complaint only alleges that the damages exceed $25,000. To ensure that the jurisdictional threshold is met in this case, after Plaintiffs filed their Motion to Remand, this Court instructed the Defendants to address whether the amount-in-controversy requirement in 28 U.S.C. § 1332(a) is satisfied. The Court finds that Spirit Airlines has met their burden to show that the jurisdictional amount more likely than not exceeds $75,000. Spirit Airlines almost exclusively relies on the allegations in the complaint to support its argument. In so doing, it points to the severity of injuries alleged, including—at a minimum—lacerations to the head and a broken elbow. Plaintiff sought medical treatment for her injuries, and, allegedly, will need to continue to do so due to the nature of the injuries and future pain. Spirit Airlines also relies on the allegations relating to the permanency of the injuries. Spirit Airlines also cites jury verdicts relating to broken elbows that exceed $75,000.

The Court notes that these general allegations leave much to be desired.  Indeed, it was these general allegations of damages that the *Crimaldi* court specifically rejected as insufficient to reach the required jurisdictional threshold.  185 F. Supp. 3d at 1008 (discussing that general allegations of injuries, including that they were "permanent" and required the plaintiff to "incur medical and hospital expenses," was insufficient to reach jurisdictional threshold).  For instance, while the complaint at issue here alleges Plaintiff fractured her elbow, there are no allegations—and Spirit Airlines provides no further details either—regarding the extent of that fracture.  Did the fracture require surgical repair?  Will Plaintiff be required to attend physical therapy?  Will Plaintiff suffer irreparable loss of range of motion?  Other courts addressing this issue have found these specifics to be persuasive.  *See, e.g., Milter v. Wright Med. Grp., Inc.*, No. 11–CV–11353, 2011 WL 4360024 (E.D. Mich. Sept. 19, 2011) (relying on allegations that plaintiff "underwent revision surgery on his hip, a painful and complicated procedure" and that "toxic metals were discovered in his system, and that he suffered extreme pain, necessitating hospitalization" to find jurisdictional threshold met).

All told, the jurisdictional threshold here is not convincing.  But it need not be.  All that is necessary is that the amount in controversy is "more likely than not" greater than $75,000.  *Rogers*, 230 F.3d at 871.  Because the complaint provides some specifics as to the injuries, compounded with the alleged permanency of those injuries, the Court finds that Spirit Airlines has sufficiently met the "more likely than not standard."

### III.    Conclusion

When a party is fraudulently joined, "they are dismissed from the lawsuit." *Makoski v. Zimmer Holdings, Inc.*, 583 F. Supp. 3d 757, 764 (N.D. Ohio 2021) (citing *West v. Visteon Corp.*, 367 F. Supp. 2d 1160, 1165 (N.D. Ohio 2005)).  The court may then properly deny the

motion to remand and assume jurisdiction over the case. Accordingly, the CLE Defendants are **DISMISSED** and the Court **DENIES** Plaintiffs' Motion to Remand (Doc. No. 10).

    **IT IS SO ORDERED.**

**Date**: April 19, 2024

                                          BRIDGET MEEHAN BRENNAN
                                          UNITED STATES DISTRICT JUDGE